**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**METROPOLITAN LIFE INSURANCE,**

        **Plaintiff,**　　　　　　　　　**1:08-CV-0022**
　　　　　　　　　　　　　　　　　　　　**(GLS\DRH)**
    **v.**

**UNITED STATES OF AMERICA;**
**BETTY MARTINEZ[1]; STRATCAP**
**INVESTMENTS, Inc.,**
        **Defendants.**
_____

**APPEARANCES:**　　　　　　　　　　**OF COUNSEL:**

**FOR THE PLAINTIFF:**

HODGSON, RUSS LAW FIRM　　　　CHRISTIAN J. SOLLER, ESQ.
677 Broadway
Suite 301
Albany, NY  12207

**FOR THE DEFENDANTS:**

*For the United States:*
U.S. Department of Justice　　　　　LAWRENCE EISER
Tort Branch　　　　　　　　　　　　Assistant United States Attorney
P.O. Box 888
Civil Division
Benjamin Franklin Station
 Washington, DC  20044

---

[1] While some documents identify Martinez as Martinez-Lee, the court adopts the former.

1

| | |
|---|---|
| HON. GLENN T. SUDDABY<br>United States Attorney<br>James T. Foley U.S. Courthouse<br>445 Broadway<br>Albany, New York 12207-2924 | BARBARA D. COTTRELL<br>Assistant United States Attorney |
| *For Stratcap Investments, Inc.:*<br>Hiscock Barclay Law Firm<br>50 Beaver Street<br>Fifth Floor<br>Albany, New York 12207 | LINDA J. CLARK, ESQ. |

*For Betty Martinez:*

*No appearance*

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

This case arises from a dispute between an annuity owner, the United States, and the annuitant, Betty Martinez. Pending are motions for reconsideration filed by both Metropolitan Life Insurance and the United States, and a motion to dismiss filed by Stratcap Investment, Inc., in lieu of an answer. MetLife and the United States assert that the court was misinformed during the April 3, 2008, motion return. They urge the court to reconsider its previous decision, grant a stay as to all State and Federal

2

proceedings affecting disposition of the funds that are the subject of this interpleader action; order that MetLife deposit the payments at issue in to the court's registry; issue an order directing Stratcap[2] to return funds to MetLife and/or deposit those funds into the court's registry, pending resolution of the merits of the interpleader action; and discharge MetLife from any further liability relating to the annuity benefits. In addition, MetLife request attorney's fees.

The motions for reconsideration are granted as follows: (1) MetLife is ordered to deposit all annuity benefits into the registry of the court; (2) all State and Federal court proceedings for the payments at issue are stayed; (3) MetLife is discharged from any further liability relating to the annuity benefits; (4) Stratcap is hereby ordered to return the funds received while this motion has been pending into the registry of the court. However, MetLife's request for attorneys fees is denied with leave to

---

[2] While the motion for reconsideration has been pending, MetLife paid Stratcap the amount owed. Nonetheless, the Government and MetLife request that the court order Stratcap to return the money *nunc pro tunc.* "*Nunc pro tunc*, Latin for 'now for then' refers to a court's inherent power to enter an order having retroactive effect." *Iouri v. Ashcroft,* 487 F.3d 76, 87 (2d Cir. 2007) (citing Black's Law Dictionary 1100 (8th ed.2004)). "When a matter is adjudicated *nunc pro tunc,* it is as if it were done as of the time that it should have been done." *Id.* (citing *Edwards* v. *INS*, 393 F.3d 299, 308 (2d Cir.2004)). "It is a 'far-reaching equitable remedy' applied in "certain exceptional cases,"(citation omitted)...typically aimed at 'rectify[ing] any injustice [to the parties] suffered b y them on account of judicial delay.' " *Iouri v. Ashcroft* 487 F.3d 76, 87 (2d Cir. 2007) (citing *Weil v. Markowitz*, 829 F.2d 166, 175 (D.C.Cir.1987)). The court agrees that Stratcap should return the money.

3

renew on a more complete record. Finally, Stratcap's motion to dismiss is denied.

## II. Background

Betty Martinez, a settling Federal Tort Claim Act plaintiff, assigned her rights to annuity payments, owned by the United States, to Stratcap. On January 8, 2008, MetLife filed an interpleader complaint against the United States, Stratcap and Betty Martinez. On February 22, the United States filed an answer including counterclaims for declaratory relief against Stratcap and Martinez. (Dkt. No. 10).

On March 28, MetLife filed a motion for a preliminary injunction seeking, *inter alia*, a stay of a State court proceeding, and an order discharging it from liability and directing deposit of the payment at issue. On April 3, during an oral return, the court declined to stay the State court action. On April 18, again by order to show cause, MetLife filed a motion for reconsideration. (Dkt. No. 27). That same day, the United States filed a motion for reconsideration. (Dkt. No. 25). On April 21, Stratcap filed a motion to dismiss in lieu of an answer. (Dkt. No. 28). Despite a deadline to do so, Martinez has not yet answered.

Recently, Judge Kramer, Schenectady County Surrogate's Court,

issued a second order directing that MetLife pay Stratcap the payment at issue. MetLife has now paid Stratcap. MetLife has appealed Judge Kramer's second order.

## III. Discussion
### A. Standard of Review
#### 1. Motion for reconsideration

The standard of review applicable to a motion fo r reconsideration is well-established, and need not be repeated here. *See, e.g., Lust v. Joyce,* No. 05-cv-613, 2007 WL 3353214, at * 1 (N.D.N.Y. Nov. 9, 2007). Naturally, a court may grant a motion for reconsideration "to correct a clear error of law or prevent manifest injustice." *C-TC 9th Ave. P'Ship v. Norton Co. (In re C-TC 9th Ave. P'Ship),* 182 B.R. 1, 3 (N.D.N.Y. 1995).

### B. Applicable law
#### 1. Interpleader Statue

MetLife commenced a civil interpleader action as a result of a dispute as to who should receive annuity payments. "Normally an interpleader action is concluded in two stages, the first determining that

5

the requirements of § 1335[3] are met and relieving the plaintiff stakeholder from liability, and the second adjudicating the adverse claims of the defendant claimants; this bifurcation is not mandatory, however, and the entire action may be disposed of at one time." *New York Life Insurance Co. v. Connecticut Development Authority*, 700 F.2d 91, 95 (2d Cir. 1983) (citation omitted).

**2.   Injunctive relief**

Under 28 U.S.C.A. § 2361, this court may order a stay of the state court proceeding. In pertinent part, the statue states:

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process

---

[3]The Federal Interpleader Statute, 28 U.S.C. §1335 provides as follows:

(a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by person, firm, or corporation ...having in his or its custody or possession money or property of the value of $500 or more if

(1) Two or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled to such money or property...;and if (2) the plaintiff has deposited such money or property ...into the registry of the court there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with future order or judgment of the court with respect to the subject matter of the controversy.

(b) such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another.

6

for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court.

## C. Relevant History

### 1. Settlement Agreement

The annuity payments at issue stem from a 2002 Settlement Agreement between Martinez and the United States. The Agreement provided for a structured settlement with periodic payments to Martinez. In pertinent part, the Agreement states that the periodic payments:

> cannot be accelerated, deferred, increased or decreased by plaintiffs or any successor in interest, and no part of such payments or any assets of the Annuity Company (MetLife) shall be subject to being sold assigned, mortgaged or encumbered, or execution of any legal process for obligation in any manner by the plaintiffs or any successor in interest.

*See* Settlement Agreement, ¶2.4.2. In contravention of the Agreement, Martinez contracted with Stratcap to assign her periodic payments in exchange for a lump sum. Moreover, this assignment was done without consent of the United States.

### 2. Hearing

During the April 3 hearing, the United States failed to articulate whether it had done anything to assert its rights concerning Martinez's

7

attempts to assign her rights.  In response to Stratcap's motion to dismiss, the United States now avers that it has repeatedly opposed Martinez's assignment and asserted its rights through letters directed to the Schenectady County Surrogate's Court and Stratcap.  It is now clear from the record that the United States has attempted to resolve the matter from the start with Stratcap and that those attempts failed.  *(See Gov't Response to Mot. to Dis. Pages 4-11; Dkt No. 29)*.  Thus, the court's previous impression regarding the failure of the United States to act was erroneous.

Additionally, the United States now cites similar federal cases in which it has obtained favorable outcomes.[4]  While the court is mindful that it might resolve this case on the merits, it declines to do so at this juncture.  However, the court is persuaded that its previous denial was in error and vacates that decision.  MetLife has shown that it is entitled to bring this interpleader action.  Accordingly, the motion by the United States for reconsideration is granted and Stratcap's motion to dismiss is denied.  Accordingly, MetLife is ordered to deposit all annuity benefits into the registry of the court, all State and Federal court proceedings related to the

---

[4] *See Gov't Resp. to Mot. to Dismiss Fn.* 5; p. 3; *Dkt. No.* 29.

8

payments at issue are stayed; MetLife is discharged from any further liability, and MetLife's request for attorneys fees is denied with leave to renew on a more complete record.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that this court's April 3, 2008 oral decision is vacated; and it is further

**ORDERED** that the motions for reconsideration (Dkt. Nos. 25 & 27) are granted as follows:

1. MetLife is hereby directed to deposit the Payments at Issue into the court's registry;

2. All State and Federal court proceedings affecting disposition of the funds that are the subject of this interpleader action are STAYED;

3. MetLife is hereby discharged from any further liability relating to the annuity benefits;

4. MetLife's request for attorney's fees is DENIED with leave to renew on a more complete record;

5. Stratcap is hereby ordered to return the money *nunc pro tunc* and deposit it into the court's registry; and it is further

9

**ORDERED** that Stratcap's motion to dismiss (Dkt. No. 28) is DENIED; and it is further

**ORDERED** that MetLife is hereby directed to serve copy of this order on defendant Betty Martinez; and it is further

**ORDERED** that the Clerk of Court serve a copy of this order to all parties.

**IT IS SO ORDERED.**

Albany, New York
August 8, 2008

*Gary L. Sharpe*
U.S. District Judge